# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

AARON KANE HEATH,

  Plaintiff,

v.                                     Case No. 8:09-CV-1099-T-27MAP

EDDIE BENITEZ, et al.,

  Defendants.

_____/

## ORDER

Before the Court is Defendants' Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration of Defendants' previous Motion to Dismiss, and Incorporated Memorandum of Law (Dkt. 44).

**I. Background**

On June 12, 2009, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) alleging Defendants used excessive force while arresting Plaintiff. Defendants filed their Motion to Dismiss, Or Alternatively, for a More Definite Statement (Dkt. 24). The Court granted the motion, and dismissed the complaint without prejudice to Plaintiff filing an amended complaint (Dkt. 30). On July 2, 2010, Plaintiff filed his amended complaint (Dkt. 32). Defendants filed their Motion to Dismiss Plaintiff's June 22, 2010 Amended Civil Rights Complaint, or Alternatively, for a More Definite Statement, and Incorporated Memorandum of Law (Dkt. 31). The Court granted, in part, Defendants' motion to dismiss, dismissing all defendants from this action except defendants Gulledge, Harper, and McNabb (Dkt. 33).

Defendants Gulledge, Harper, and McNabb filed an answer and affirmative defenses (Dkt. 34), and a scheduling order was entered setting a discovery deadline of February 23, 2011 (Dkt. 38 at 1).

On January 10, 2011, Plaintiff was served with Defendants' first set of interrogatories and requests for production. (See Dkt. 41-3). On February 16, 2011, Plaintiff was served with Defendants' amended requests for production (Dkt. 41 at 1-2; Dkt. 41-2). On March 16, 2011, Defendants filed their Motion to Compel Discovery Responses and Incorporated Memorandum of Law (Dkt. 41) in which they indicated that on February 22, 2011, Plaintiff had provided them with his responses to the interrogatories, but stated that he needed additional time to respond to the requests for production (Id. at 2). The Motion to Compel also indicated that counsel for Defendants sent a letter to Plaintiff allowing him until March 11, 2011 to provide a response to the requests for production, but Plaintiff failed to provide a response by March 11, 2011 (Id.; Dkt. 41-4).

On April 11, 2011, Defendants filed their Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 42) in which they indicated in pertinent part that Plaintiff still had not provided them with a response to their requests for production. They moved the Court to dismiss Plaintiff's complaint with prejudice for Plaintiff's failure to timely respond to their requests for production.

On April 26, 2011, the Court denied Defendants' motion to dismiss, but granted their motion to compel and directed Plaintiff to provide Defendants with a response to their requests for production on or before May 1, 2011 (Dkt. 43). The Court cautioned Plaintiff that "the Court may, upon motion of the defendant, involuntarily dismiss an action 'for failure of the Plaintiff to prosecute or to comply with these rules or any order of court' and the dismissal will 'operate[] as an adjudication upon the merits.'" (Id. at 3).

2

On May 23, 2011, Defendants filed their Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration of Defendants' Previous Motion to Dismiss, and Incorporated Memorandum of Law (Dkt. 44) in which Defendants moved the Court in pertinent part to reconsider their prior motion to dismiss Plaintiff's complaint because Plaintiff still had not provided them with a response to their requests to produce.

On June 17, 2011, the Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration of Defendants' Previous Motion to Dismiss, and Incorporated Memorandum of Law on or before June 28, 2011 (Dkt. 46). The Court directed Plaintiff to "show cause why this action should not be dismissed, or sanctions should not be entered against him, for his failure to comply with the rules of discovery, and this Court's April 26, 2011 Order..." (Id. at 2). The Court also cautioned Plaintiff that "an order could result in the case being terminated without any further proceedings." (Id.).

As of this date, Plaintiff has not responded to the Court's June 17, 2011 order. Plaintiff has not filed a response to either Defendants' motion for summary judgment, or the Court's order directing him to show cause why this action should not be dismissed, or other sanctions entered, for his failure to respond to Defendants' requests for production, and the Court's April 26th order. The order was mailed to Plaintiff's address of record, and it has not been returned to the Clerk as undeliverable.

## II. Analysis

Fed. R. Civ. P. 41(b) provides in pertinent part as follows:

Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

3

Rule 41(b) provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

Under Local Rule 3.10 (M.D. Fla.):

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

"[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, LTD*, 432 F.3d 1333, 1337-38 (11th Cir.2005) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th

---

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Cir. 1985).

The Court concludes that Plaintiff has now engaged in a "clear pattern of delay or willful contempt." First, Plaintiff has failed to fully comply with the rules of discovery in failing to respond to Defendants' requests for production. Second, Plaintiff has failed to comply with the Court's April 26, 2011 order which, in pertinent part, directed Plaintiff to provide Defendants with a response to their requests to produce on or before May 1, 2011. Third, Plaintiff has failed to comply with the Court's order to respond to Defendants' motion for summary judgment. Fourth, Plaintiff has failed to comply with the Court's order to show cause why this action should not be dismissed, or other sanctions entered, for his failure to respond to Defendants' requests for production, and the Court's April 26th order.

Further, lesser sanctions than dismissal with prejudice would not suffice. In light of Plaintiff's failure to respond to Defendants' repeated attempts to obtain a response to their requests to produce, and in light of Plaintiff's failure to comply with the Court's order directing him to file a response to Defendants' requests to produce, it would appear futile to again direct Plaintiff to respond to discovery. Also, because Plaintiff has failed to respond to the Court's order directing him to show cause why sanctions, including possibly dismissal of this action, should not be imposed against him, the Court finds that lesser sanctions, such as monetary sanctions, would be unlikely to cause Plaintiff to comply with discovery obligations and this Court's orders. *See, e.g., King v. Grady Health Sys.*, No. 1:09-cv-0794-CC-AJB, 2009 U.S. Dist. LEXIS 71754, at *4 (N.D. Ga. June 16, 2009) ("Plaintiff's failure to respond to this Court's show cause order undercuts lesser sanctions as viable alternatives to dismissal."). Consequently, the Court concludes that dismissal with prejudice is warranted.

5

**ACCORDINGLY**, the Court **ORDERS** that:

1. Defendants' Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration of Defendants' previous Motion to Dismiss, and Incorporated Memorandum of Law ("motion") (Dkt. 44) is **GRANTED** solely to the extent that this action is **DISMISSED** with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders pursuant to Fed. R. Civ. P. 41(b).  The motion is otherwise denied as moot.

2. The **Clerk** shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _____July 1 _____, 2011.

                                                JAMES D. WHITTEMORE
                                                United States District Judge

SA:sfc
Copy to: Plaintiff *pro se*
         Counsel of Record

6